UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| WILLIAM DOUGLAS CASE, | NO: 4:12-CV-5023-RMP |
|---|---|
| Plaintiff, | |
| v. | ORDER ON MOTIONS FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Before the Court are cross-motions for summary judgment. ECF Nos. 14, 17. The Court has reviewed the motions, the memoranda, and the administrative record. The Court is fully informed.

BACKGROUND

Plaintiff applied for Supplemental Security Income ("SSI") on September 17, 2009. (Tr. 33). The application was denied initially and on reconsideration. (Tr. 33). Plaintiff requested a hearing, which was held before Administrative Law Judge ("ALJ") Caroline Siderius on June 21, 2011. (Tr. 50). Plaintiff was not

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 1

present but was represented by attorney Thomas Bothwell.  (Tr. 33).  Testimony was heard from Stephen Rubin, Ph.D., an expert in psychology, and Jinnie Lawson, a vocational expert.  (Tr. 33).

The ALJ found that Plaintiff had severe impairments of depressive disorder, personality disorder with antisocial traits, and substance abuse disorder.  (Tr. 35).  The ALJ concluded that Plaintiff had no past relevant work but could make a vocational adjustment to other work.  (Tr. 41).  The ALJ denied Plaintiff's claim on that basis.  (Tr. 42).  Plaintiff filed a request for review by the Appeals Council, which was denied.

This matter is properly before the Court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of this case are set forth in the administrative hearing transcripts and record and will only be summarized here.  Plaintiff was 24 years old when he applied for SSI.  (Tr. 41, 65).  Plaintiff has a limited education and no past relevant work.  (Tr. 139, 143).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 2

1 | based on legal error and is supported by substantial evidence.  *See Jones v.*
2 | *Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).

3 | "The [Commissioner's] determination that a claimant is not disabled will be
4 | upheld if the findings of fact are supported by substantial evidence." *Delgado v.*
5 | *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).
6 | Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514
7 | F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance, *McCallister v.*
8 | *Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of*
9 | *Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)).  Substantial
10 | evidence "means such evidence as a reasonable mind might accept as adequate to
11 | support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations
12 | omitted).

13 | "[S]uch inferences and conclusions as the [Commissioner] may reasonably
14 | draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289,
15 | 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just
16 | the evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*,
17 | 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th
18 | Cir. 1980)).

19 | It is the role of the trier of fact, not this court, to resolve conflicts in
20 | evidence.  *Richardson*, 402 U.S. at 400.  If evidence supports more than one

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 3

rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education, and work experience, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 4

423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. § 416.920.  Step one determines if he or she is engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If the plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ISSUES

Plaintiff argues that the ALJ erred by (1) failing to conduct a proper Drug and Alcohol Abuse ("DAA") analysis; (2) improperly rejecting the opinions of Plaintiff's treating doctors, examining doctors, and the medical expert; (3) improperly rejecting Plaintiff's subjective complaints; and (4) failing to identify specific jobs, available in significant numbers, that Plaintiff could perform in light of his functional limitations.

DISCUSSION

**Failure to Conduct Proper DAA Analysis**

Plaintiff claims that the ALJ improperly rejected the opinion of Dr. Jan Kouzes, an examining psychologist, on the grounds that the psychologist included the effects of DAA when assessing Plaintiff's functional limitations. ECF No 15 at 7-10. Defendant concedes that the ALJ erred by considering the effects of DAA before determining whether Plaintiff was disabled. ECF No. 18 at 13. *See Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001) ("[A]n ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction."). However, the parties dispute whether the ALJ's mistake was harmless. Legal errors committed by the ALJ may be considered harmless where the errors are inconsequential to the ultimate disability conclusion when

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 7

considering the record as a whole. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Dr. Kouzes's examination is significant in that it reports that Plaintiff's disabilities are more limited than other sources concluded. In particular, Dr. Kouzes found that the limitation on Plaintiff's ability to exercise judgment and make decisions was "severe" and that his capability of relating appropriately to co-workers and supervisors was "marked[ly]" limited. (Tr. 254). The limitations on some other work-related abilities are listed as "moderate" in Dr. Kouzes's report, indicating that the psychologist found significant interference due to Plaintiff's symptoms. (Tr. 254). The ALJ did not discuss any other source's determination that Plaintiff's work-related limitations are "severe" or "marked." *See* (Tr. 40-41). The ALJ's legal error resulted in the exclusion of evidence that may have been consequential to her ultimate decision that Plaintiff was not disabled. Accordingly, the Court does not conclude that the error was harmless; remand is appropriate.

**Rejecting Opinions of Doctors and Expert**

Plaintiff argues that the ALJ improperly rejected the opinions of Lyn Smith, M.Ed.; Erin Landry, M.Ed.; Walter End, MSW; and Stephen Rubin, Ph.D. ECF No. 15 at 10-15. Aside from Dr. Rubin, all of these providers are "other sources," according to federal regulation. *See* 40 C.F.R. 416.913(a), (d). An ALJ may discount testimony from "other sources" if the ALJ "gives reasons germane to each

witness for doing so." *Molina*, 674 F.3d at 1111 (quoting *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010)) (internal quotation marks omitted).

Smith evaluated Plaintiff in June 2010 and determined that the limitation on his ability to exercise judgment and make decisions was "severe" and that social factors including Plaintiff's ability to relate appropriately to co-workers and supervisors, interact appropriately in public contacts, and maintain proper behavior in a work setting were "marked[ly]" limited. (Tr. 289, 291). The ALJ did not discuss Smith by name but she did cite to Smith's evaluation in the decision. (Tr. 39) (citing Exhibit 10F/8). Moreover, the RFC that the ALJ determined (Tr. 37), is consistent with Smith's opinion that Plaintiff "might be able to do some type of routine work, not requiring much decision making, not requiring him to work closely with others, and where there is enough variety to help him maintain interest[,]" (Tr. 289). The ALJ did not reject Smith's opinion.

Landry is a treating mental health counselor who concluded that Plaintiff "will have a great deal of problems finding and maintaining gainful employment due to his impulsive decision making, frequent temper displays, problems with authority, and his symptoms concerning poor insight and judgment." (Tr. 294). The ALJ expressly rejected Landry's opinion because her conclusory statement that Plaintiff would have problems finding and maintaining employment was an opinion on an issue reserved to the Commissioner. (Tr. 41). Indeed, the decision

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 9

of whether a claimant is able to work is left to the Commissioner.  20 C.F.R. § 416.927(d).  Moreover, Landry's opinion is brief, such that the ALJ did not err by considering it conclusory.  *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

End, a social worker who evaluated Plaintiff, found that Plaintiff was moderately limited in his ability to make decisions and to tolerate the pressure and expectations of a normal work setting.  (Tr. 172).  The ALJ found that End's limitations were reasonable "but that the claimant is somewhat more limited than the social worker thought."  (Tr. 40).  End also concluded that Plaintiff would benefit from employment assistance and that he should gradually amalgamate into employment.  (Tr. 173).  Contrary to Plaintiff's argument, it appears that the ALJ considered End's opinion.

Finally, Dr. Rubin testified that Plaintiff was moderately limited in several work-related abilities.  (Tr. 59).  When presented with these limitations in a hypothetical posed by Plaintiff's attorney, the vocational expert testified that a claimant would not be able to maintain employment.  (Tr. 63).  Plaintiff claims that even though the ALJ stated in her decision that she considered Dr. Rubin's opinion

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 10

1   of moderate limitations, *see* (Tr. 40), she actually rejected Dr. Rubin's opinion by
2   not including the limitations in her RFC.
3       However, Dr. Rubin's proposed limitations are largely reflected in the RFC,
4   which states that Plaintiff can perform work that does not involve more than simple
5   tasks, the ability to maintain intense focus for more than one hour at a time, more
6   than occasional changes in the work setting, or more than occasional contact with
7   others. *See* (Tr. 37). Furthermore, Dr. Rubin testified that he could not conclude
8   that Plaintiff is unable to work and that Plaintiff is "probably capable of developing
9   some kind of occupation skills[,]" (Tr. 56), despite his lack of a significant work
10  history. The ALJ did not reject Dr. Rubin's opinion. *See Stubbs-Danielson v.*
11  *Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (". . . an ALJ's assessment of a
12  claimant adequately captures restrictions related to concentration, persistence, or
13  pace where the assessment is consistent with restrictions identified in the medical
14  testimony.").

**Rejecting Plaintiff's Subjective Complaints**

16      Plaintiff contends that the ALJ improperly rejected his subjective
17  complaints. ECF No. 15 at 15-17. The ALJ found that Plaintiff's statements
18  regarding the intensity, persistence, and limiting effects of his symptoms were not
19  credible to the extent that they were inconsistent with the RFC that the ALJ
20  determined. (Tr. 38).

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 11

Unless "[there is] evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Here, the ALJ based her credibility determination on Plaintiff's history of malingering and his prior statement "that he would 'rather just get assistance' so that he does not have to 'deal with people[,' which calls] his motivation to work into question." (Tr. 38). *See also* (Tr. 191, 210). The ALJ permissibly rejected Plaintiff's subjective complaints based on his history of malingering.

**Failure to Identify Specific Jobs Available in Substantial Numbers**

Plaintiff claims that the ALJ failed to properly address whether specific jobs were available that Plaintiff could perform because the ALJ did not account for numerous "moderate" and "marked" limitations found by providers. ECF No. 15 at 18-19. The ALJ did not address these limitations in the hypotheticals that she proffered to the vocational expert, so Plaintiff argues that the vocational expert did not suggest jobs that Plaintiff actually can perform.

"If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the 'expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'" *Matthews v.*

1    *Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (quoting *DeLorme v. Sullivan*, 924 F.2d

2    841, 850 (9th Cir. 1991)).  As noted above, the Court finds that the ALJ improperly

3    rejected the opinion of Dr. Kouzes.  Thus, the vocational expert's testimony may

4    not reflect all of Plaintiff's limitations and may lack evidentiary value.

5         Accordingly, **IT IS HEREBY ORDERED**:

6        1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is

7           **GRANTED**.

8        2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is

9           **DENIED**.

10       3. This case is **REMANDED** for a new hearing in accordance with this

11          Order.

12       4. **JUDGMENT** shall be entered for Plaintiff.

13    The District Court Clerk is hereby directed to enter this Order, to provide

14    copies to counsel, and to close this file.

15    **DATED** this 6th day of February 2014.

           *s/ Rosanna Malouf Peterson*
           ROSANNA MALOUF PETERSON
           Chief United States District Court Judge

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 13